# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| RON KIRK THOMPSON<br>    LA. DOC #111262 | CIVIL ACTION NO. 3:11-cv-1476 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN BURL CAIN | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Ron Kirk Thompson filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on August 3, 2011.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Louisiana State Penitentiary, Angola.

This petition attacks 1985 convictions based on petitioner's guilty pleas to charges of armed robbery and forcible rape in the Sixth Judicial District Court, Madison Parish, under that court's docket numbers 47662, 47663, and 47664. [Doc. 1, ¶1-7]

Petitioner previously attacked this conviction in a petition for *habeas corpus* filed in this court on February 12, 2004; petitioner alleged therein that his conviction and sentence violated due process because the State's indictment was defective. *See Ron K. Thompson v. Burl Cain, Warden*, Civil Action No. 3:04-cv-0432 at Doc. 1.  On April 19, 2004, United States Magistrate Judge James D. Kirk recommended dismissal of that petition as time-barred by the provisions of 28 U.S.C. §2244(d).   *Ron K. Thompson v. Burl Cain, Warden*, Civil Action No. 3:04-cv-0432 at Doc. 4. Thereafter, on July 9, 2004, the Court determined that the recommendation was appropriate and signed a judgment dismissing the *habeas* action with prejudice as time-barred.  *Ron K. Thompson*

*v. Burl Cain, Warden*, Civil Action No. 3:04-cv-0432 at Doc. 6.  Petitioner's application for a Certificate of Appealability was denied by the Fifth Circuit Court of Appeals on February 22, 2005. *Thompson v. Cain*, No. 04-30807; for a copy of the order, see  *Ron K. Thompson v. Burl Cain, Warden*, Civil Action No. 3:04-cv-0432 at Doc. 10.

Petitioner utilized the form provided to Louisiana prisoners seeking *habeas corpus* relief pursuant to Section 2254. Petitioner provided some general information concerning the conviction under attack [Doc. 1, ¶1-9], however the remaining paragraphs of the form petition were left blank and provided no grounds for relief. [Id., ¶10-18]

Ordinarily, an amend order would issue directing the petitioner to provide the facts necessary to complete an initial screening of the petition. However, the introductory paragraphs of the instant petition establish that petitioner seeks to collaterally attack the same convictions that were the subject of his previous *habeas corpus* petition, Civil Action No. 3:04-cv-0432. Therefore further amendment would serve no useful purpose.

### *Law and Analysis*

A *habeas corpus* petition is not second or successive simply because it follows an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998).  However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir.1999) citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d

2

827 (1996).  Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Petitioner's first *habeas corpus* was, as shown above, dismissed with prejudice as time-barred pursuant to 28 U.S.C. §2244(d).  Although petitioner's previous § 2254 petition was dismissed as time-barred, such a dismissal constituted an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See In re Flowers*, 595 F.2d 204, 205 (5th Cir.2009) (*per curiam*).  The instant petition, which attacks the same conviction and sentence is therefore second or successive.  Before a petitioner may file a second or successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. See 28 U.S.C. § 2244(b)(3)(A) and (B).

A review of the Fifth Circuit's PACER case index reveals that petitioner has neither applied for nor received such authorization.  Until such time as petitioner obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir .2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

3

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, October 25, 2011.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

4